UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRISTI GOLDSTEIN-TAVERNO**<br>    542 Manayunk Road<br>    Merion Station, PA 19066<br><br>                            **Plaintiff,**<br>        v.<br><br>**SAINT JOSEPH'S UNIVERSITY**<br>    5600 City Avenue<br>    Philadelphia, PA 19131<br><br>                            **Defendant.** | **Civil Action No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I.     PRELIMINARY STATEMENT

1.      Plaintiff, Kristi Goldstein-Taverno (hereinafter "Plaintiff') brings this action under (I) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*. for discriminatory practices and retaliatory actions, in violation of Plaintiff's rights guaranteed under the ADA, (II) the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §954 *et seq*., (III) the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201 *et seq*., (IV) Retaliation under the FLSA, (V) the Pennsylvania Minimum Wage Act ("MWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. 260.1 *et seq*., (VI) Retaliation under the MWA and WPCL, and under (VII) Pennsylvania common law for breach of contract. Plaintiff seeks equitable relief, an accounting, compensatory damages, liquidated damages, interest, costs and attorneys' fees from Saint Joseph's University (hereinafter "Defendant" or the "University").

## II.      THE PARTIES

2.      Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3.      Defendant Saint Joseph's University is a Pennsylvania nonprofit organized under the laws of the Commonwealth of Pennsylvania that, through its employees and agents, employed and terminated Plaintiff.

4.      At all times material hereto, the conduct of Defendant and its agents occurred within the County of Philadelphia and within the Eastern District of Pennsylvania.

## III.     JURISDICTION AND VENUE

5.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. §1343.

6.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

7.      At all times material hereto, Defendant employed more than fifty (50) employees.

8.      Plaintiff has complied with all administrative and jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on March 14, 2018, thereby exhausting administrative remedies for all claims in this Complaint.

## IV. FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant Saint Joseph's University in 2008 and worked there until her termination in 2017.

10. From 2011, Plaintiff oversaw the Placement Services Program, a program she created for the Academy of Food Marketing.

11. In January 2016, Plaintiff was asked by her direct supervisor to take on two clients of the Center for Professional Development, at the Haub School of Business, where should would manage programs and clients of the Center for Professional Development.

12. Plaintiff agreed, and was able to successfully meet her responsibilities. She performed well both in her old responsibilities for the Placement Services Program and her new responsibilities for the Center for Professional Development.

13. In May 2016, Plaintiff was promoted to Program Administrator for the Center for Professional Development. Shortly after being promoted, Plaintiff received a new Director, Maura Shenker.

14. In June and July 2016, Plaintiff became concerned about some of Ms. Shenker's conduct at work, including requesting that Plaintiff violate employee polices. Plaintiff felt increasingly harassed and threatened by Ms. Shenker.

15. Plaintiff contacted Human Resources at the University about her concerns that her work environment was hostile and that her director, Ms. Shenker, was retaliating through falsely negative performance reviews and other employee discipline.

16. In December 2016, Plaintiff's pay was changed from salary to hourly.

17. Plaintiff was told that she had to complete all of her work within a 35-hour work week because she could not be paid for overtime.

18. In actuality, Plaintiff's weekly workload could not be completed within 35 hours, which meant she routinely had to work in excess of 40 hours per week.

19. Her workload, overseeing two programs—one at the Academy of Food Marketing and one at the Center for Professional Development—did not change to meet her reduced hours; in fact, her workload increased. She was directed to take on new additional responsibilities, including designing a social media strategy.

20. Plaintiff was required to work some vacation and weekends without additional compensation. Ms. Shenker explained to Plaintiff that she could not be paid for that time, but that she could take "comp time" whereby Plaintiff could take time off after working extra hours.

21. Plaintiff was diagnosed as suffering from work-induced stress, which is was an impairment that substantially limited major life activities.

22. In June 2017, Plaintiff asked Ms. Shenker for a workplace accommodation to reduce stress.

23. On July 6, 2017, Nancy DuBoise, Director of Employee Relations, informed Plaintiff that a form would need to be completed by Plaintiff's physician, and Mr. DuBoise asked Plaintiff if she still wanted to pursue the accommodation request process further.

24. On July 10, 2017, Plaintiff replied, "I would like to pursue the process further, please send the necessary documents."

25. Plaintiff was terminated that same day – less than four hours after she replied reconfirming that she would like to pursue the accommodation.

26. Despite Plaintiff's disability/impairment, Plaintiff was able to perform all the essential functions of her job with or without reasonable accommodation.

## COUNT I
## VIOLATION OF THE
## AMERICANS WITH DISABILITIES ACT (ADA)

27. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

28. Plaintiff was a member of the class of persons with eligible disabilities entitled to protection from unlawful discriminatory acts, hostile work environment, harassment, retaliation, and termination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, because of Plaintiff's serious medical condition and/or disability as set forth above.

29. At all times material hereto, Defendant, through its agents Ms. Shenker and Ms. DuBoise, was aware of Plaintiff's medical condition and/or disability.

30. At all times material hereto, Plaintiff was qualified for the positions of Program Administrator.

31. At all times material hereto, Plaintiff was performing her job satisfactorily.

32. Defendant discriminated against Plaintiff because of her medical condition and/or disability by subjecting Plaintiff to a hostile work environment, harassing her, retaliating against her for asserting rights protected under the ADA and for engaging in protected activities in furtherance of her assertion of rights, and terminating her employment because of her medical condition and/or disability.

33. Defendant discriminated against Plaintiff because of her medical conditions and/or disability by refusing to engage in an interactive process to determine reasonable and effective accommodation for limitations, if any, caused by her medical conditions and/or disability.

34. Defendant discriminated against Plaintiff because of her medical conditions and/or disability by refusing to consider and/or provide Plaintiff with a reasonable accommodation and electing to terminate her rather than to accommodate her, despite Plaintiff's repeated requests for a reasonable accommodation.

35. At all times material hereto, Plaintiff was subjected to unwelcome harassment because of her disability.

36. At all times material hereto, the aforementioned harassment was severe and pervasive. At all times material hereto, the aforementioned harassment unreasonably altered the condition of Plaintiffs employment and created a hostile work environment.

37. Plaintiff was subjected to humiliating and belittling comments, actions, and behaviors by her direct supervisor and manager because of her disability and medical conditions.

38. Plaintiff was subjected to and forced to endure continued, willful and malicious exposure to excessively stressful conditions, which Defendant knew caused Plaintiff's disability. Defendant further aggravated Plaintiff's disability through efforts to overburden Plaintiff, drive her from her position, and force her to work for hours for which she was not paid.

39. For example, Defendant substantially expanded Plaintiff's responsibilities to include both responsibilities for the Placement Services Program and new responsibilities to the Center for Professional Development, while simultaneously cutting her hours when she was made an hourly employee.

40. Moreover, Defendant willfully and maliciously exposed Plaintiff to stressful conditions contrived by Defendant through its agent Ms. Shenker by manipulating the employee discipline process in bad faith and generating negative performance evaluations that were false.

41. Plaintiff was forced to endure significant and on-going financial and medical hardship when Defendant intentionally, willfully and maliciously caused Plaintiff to be improperly terminated, resulting in the loss of her employee healthcare benefits even while Plaintiff was suffering from serious medical harm resulting from Defendant's continuous harassment.

42. In addition, Plaintiff's termination from her employment was because of her disability.

43. Defendant failed to use reasonable care to prevent and promptly correct the harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

44. Defendant knew or should have known about the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

45. Defendant failed to take prompt, remedial action to eliminate the aforementioned harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

46. The discrimination, harassment, hostile work environment, retaliation and discriminatory termination to which Defendant subjected Plaintiff was intentional, with malice and with reckless indifference to Plaintiff's rights.

47. Plaintiff's medical conditions and/or disability was used by Defendant as a negative factor in Defendant's decision to terminate Plaintiff.

48. Plaintiff's request for accommodation and her assertion of rights regarding her medical conditions and/or disability was used by Defendant as a negative factor in Defendant's decision to terminate Plaintiff.

49.     Defendant's reasons for assigning falsely negative performance reviews and electing to discipline and terminate Plaintiff were pretextual to obscure Defendant's true discriminatory animus and purpose.

50.     Plaintiff was subjected to ongoing antagonism, humiliation and physical harm because of Defendant's antipathy towards Plaintiff's medical conditions and/or disability.

51.     Defendant's aforementioned conduct and treatment of Plaintiff would discourage other employees from exercising and/or attempting to exercise their rights under the ADA.

52.     During the course and scope of her employment, Plaintiff was treated less favorably than other similarly situated employees who did not have a serious medical condition or disability as defined by the ADA, 42 U.S.C. §12101, *et seq*.

53.     The conduct of Defendant's treatment of Plaintiff in her employment, termination of employment, as well as the harassment and retaliation to which he was subjected, violated the ADA, 42 U.S.C. §12101, *et seq*., as the harassment, hostile work environment, retaliation, refusal to accommodate, and termination were based upon and because of Plaintiff's medical condition and/or disability, her assertion of rights under the law, and her requests for a reasonable accommodation for her medical conditions and/or disability.

**WHEREFORE**, Plaintiff, Kristi Goldstein-Taverno, seeks a determination that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. and requests all damages and relief permitted under the ADA, including but not limited to: back pay and front pay; equitable relief; attorneys' fees, expert fees, costs and expenses; and for such relief as this Court deems just and fair.

## **COUNT II**
## **VIOLATION OF THE**
## **PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)**

54. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

55. Defendant discriminated against Plaintiff because of her medical condition and/or disability by subjecting Plaintiff to a hostile work environment, harassing her, retaliating against her for asserting rights protected under the PHRA and for engaging in protected activities in furtherance of her assertion of rights, and terminating her employment because of her medical condition and/or disability.

56. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment, as Defendant allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation in the course of Plaintiff's employment with Defendant, as set forth above.

**WHEREFORE**, Plaintiff, seeks a determination that Defendant violated the Pennsylvania Human Relations Act, 43 P.S. §954, et seq., and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, et seq., including but not limited to: back pay and front pay; equitable relief; attorneys' fees, expert fees, costs and expenses; and for such relief as this Court deems just and fair.

## COUNT III
## VIOLATION OF
## THE FAIR LABOR STANDARDS ACT (FSLA)

57. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein

58. Defendant prevented Plaintiff from being paid overtime pay although she must be paid at least 1.5 times her regular hourly rate of pay for any hours worked over 40 in a workweek.

59. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff no less than one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

60. Plaintiff regularly worked more than 40 hours per week for Defendant, but Defendant did not properly compensate her for all of her overtime hours as required by the FLSA.

61. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

62. Defendant knew Plaintiff worked more than 35 hours and overtime without proper compensation, and it willfully failed and refused to pay wages at the required overtime rates.

63. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA.

64. As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of her claims, liquidated damages or prejudgment interest,

attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, seeks a determination that Defendant violated the FLSA and requests judgment against Defendant for the amount of overtime and wages owed, including but not limited to: back pay and front pay; attorneys' fees, expert fees, costs and expenses; and for such relief as this Court deems just and fair.

## COUNT IV
## RETALIATION UNDER THE FSLA

65.  Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein

66.  Defendant prevented Plaintiff from being paid overtime pay although she must be paid for all hours worked and at least 1.5 times her regular hourly rate of pay for any hours worked over 40 in a workweek.

67.  Plaintiff engaged in protected activity by complaining verbally and in writing to Human Resources that she was entitled to be paid for more than 35 hours and because she was working more than 35 hours.

68.  Because making such complaints are protected activity, Plaintiff is entitled to protection from retaliation under FLSA.

69.  However, Defendant retaliated against Plaintiff for asserting her rights under the FLSA.

70.  Defendant, through its agent Ms. Shenker, made falsely negative evaluations of Plaintiff and disciplined her.

71.  Ultimately, Plaintiff was discharged because she filed a complaint.

72.     As a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid overtime wages, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff, seeks a determination that Defendant violated the FLSA and requests judgment against Defendant for the amount of overtime and wages owed, including but not limited to: back pay and front pay; attorneys' fees, expert fees, costs and expenses; and for such relief as this Court deems just and fair.

**COUNT V**
**VIOLATION OF**
**THE PENNSYLVANIA MINIMUM WAGE ACT (MWA)**
**AND THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)**

73.     Plaintiff re-alleges the preceding paragraphs and incorporates them as if fully restated herein.

74.     As a direct and proximate cause of Defendant's willful and intentional acts and omissions, including Defendant's requiring Plaintiff to complete work that would take more than 35 hours but refusing to record that time and its willful failure to act in good faith, Defendant violated the MWA and caused Plaintiff to suffer damages.

75.     As a direct and proximate result of Defendant's willful and intentional acts and omissions, including Defendant's willful failure to act in good faith, Defendant violated the Pennsylvania WPCL and caused Plaintiff to suffer damages.

76.     The Plaintiff has suffered damages by Defendant's violations of the MWA and WPCL in the form of wages not paid for work done as well as loss of other employment benefits.

77. Plaintiff is entitled to an accounting at law and equity of the monetary benefit that was conferred upon Defendant by Plaintiff working in excess of 35 hours per week on Defendant's behalf without receiving compensation and in excess of 40 hours per week without receiving overtime premium compensation.

78. As a direct and proximate result of Defendant's willful and intentional failure to keep true, accurate and correct records of hours worked by Plaintiff, Plaintiff has suffered damages.

79. By refusing to pay earned wages as specified in the terms of Plaintiff's employment contract in the form of hourly pay and overtime, Defendant has violated the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 P.S. §260.1 *et seq.*

**WHEREFORE**, Plaintiff demands an accounting for unpaid wages, including overtime, and judgment against Defendant for that amount under the terms of employment, including unpaid overtime and award of the value of the Plaintiff's unpaid wages and any other amounts necessary to make her whole, plus 25% of this sum as statutory liquidated damages, plus interest, attorneys' fees, and the costs of litigation and suit, as provided for by the WPCL, and further legal or equitable relief as this Court may deem to be just and appropriate.

## COUNT VI
## RETALIATION UNDER THE MWA AND WPCL

80. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein

81. Defendant prevented Plaintiff from being paid overtime pay although she must be paid for all hours worked and at least 1.5 times her regular hourly rate of pay for any hours worked over 40 in a workweek un the MWA.

82. Plaintiff engaged in protected activity by complaining verbally and in writing to Human Resources that her she was entitled to be paid for more than 35 hours and because she was working more.

83. Because such complaints are protected activity, Plaintiff is entitled to protection from retaliation under WPCL and MWA.

84. However, Defendant retaliated against Plaintiff for asserting her rights under the MWA and WPCL.

85. Defendant, through its agent Ms. Shenker, made falsely negative evaluations of Plaintiff and disciplined her because she filed a complaint with Human Resources.

86. Ultimately, Plaintiff was discharged because she filed a complaint.

**WHEREFORE**, as a direct and proximate result of these unlawful practices, Plaintiff suffered and continues to suffer wage loss and is therefore entitled to recover unpaid overtime wages, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT VII
## BREACH OF CONTRACT

87. Plaintiff re-alleges the preceding paragraphs and incorporates them as if fully restated herein.

88. By failing to pay for time worked beyond 35 hours, or any overtime premium pay for time worked beyond 40 hours, based on a set hourly rate or rates as agreed between Plaintiff and Defendant in the terms and conditions of employment, Defendant is in breach of its employment contract with Plaintiff.

89. Plaintiff has suffered damages in unpaid wages as a result of Defendant's breach of the employment agreement as well as other employment benefits lost when she was terminated.

**WHEREFORE,** Plaintiff demands an accounting for unpaid wages and judgment against Defendant, in the amount payable to Plaintiff under the terms of the contract, plus interest.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

By: /s Benjamin Speciale_____
Benjamin Speciale, Esquire
Speciale LLC
Pa. Bar No. 202590
1650 Market Street, 36th Floor
(215) 645-2115
ben@speciale-law.com

Robert C. Drake, Esquire
Jacobs Kivitz & Drake LLC
Pa. Bar No. 57177
1525 Locust Street – 12th Floor
Philadelphia, PA 19102
(215) 732-7027
rdrake@jacobs-kivitz-drake.com

*Attorneys for Plaintiff*

Dated: June 12, 2018