**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KRISTI GOLDSTEIN-TAVERNO,                    :
                                             :
    Plaintiff,                               :        Civil Action No. 2:18-cv-02454-MMB
                                             :
    v.                                       :
                                             :
ST. JOSEPH'S UNIVERSITY,                     :
                                             :
    Defendant.                               :
                                             :
                                             :

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant St. Joseph's University ("Defendant" or the "University") hereby answers the Complaint of Plaintiff Kristi Goldstein-Taverno ("Ms. Goldstein-Taverno") in accordance with the numbered paragraphs thereof as follows:

1.    The University admits that Ms. Goldstein-Taverno initiated the present actions purporting to state claims under the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("MWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). The University also admits that Ms. Goldstein-Taverno purports to state a common law breach of contract claim and that she seeks equitable relief, compensatory damages, liquidated damages, interest, costs and attorneys' fees from the University. The University denies that Ms. Goldstein-Taverno's claims are viable and that she is entitled to any damages.

2.    The University admits that Ms. Goldstein-Taverno is an adult individual. The University is without information, knowledge or belief as to whether Ms. Goldstein-Taverno is a citizen of Pennsylvania and her current residence. Therefore, it denies those allegations.

3.    The University admits that it is a nonprofit organized under the laws of the

Commonwealth of Pennsylvania, that it employed Ms. Goldstein-Taverno, and that it terminated Ms. Goldstein-Taverno's employment. The University denies the remaining allegations in paragraph 3 of the Complaint.

4. Denied.

5. The allegations of paragraph 5 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the University admits that this Court has jurisdiction over Ms. Goldstein-Taverno's claims, but denies that her claims are viable.

6. The allegations of paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the University admits that venue in this Court is appropriate.

7. Admitted.

8. The University admits only that the Equal Employment Opportunity Commission issued a Notice of Right to Sue dated March 14, 2018. The remaining allegations of paragraph 8 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed necessary, the University denies them.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. The University admits that, in May 2016, Ms. Goldstein-Taverno was promoted to Program Administrator for the Center for Professional Development and that, in that position, she reported to Maura Shenker. The University denies the remaining allegations in paragraph 13

of the Complaint.

14.     The University is without knowledge, information, or belief as to Ms. Goldstein-Taverno's beliefs or feelings, therefore, it denies these allegations.  The University specifically denies that Ms. Shenker requested Ms. Goldstein-Taverno violate employee policies, harassed Ms. Goldstein-Taverno, or threatened Ms. Goldstein-Taverno.

15.     Denied.

16.     The University admits that Ms. Goldstein-Taverno's pay changed from salaried to hourly, but denies that this occurred in December 2016.

17.     The University admitted that Ms. Goldstein-Taverno was instructed to complete all of her work within a 35-hour work week.  The University denies the remaining allegations in paragraph 17 of the Complaint.

18.     Denied.

19.     The University admits that Ms. Goldstein-Taverno was responsible for developing a social media strategy for the Center for Professional Development.  The University denies the remaining allegations in paragraph 19 of the Complaint.

20.     Denied.

21.     The University is without knowledge, information or belief as to any diagnoses given to Ms. Goldstein-Taverno.  Therefore, it denies those allegations.  The remaining allegations of paragraph 21 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the University denies them.

22.     Admitted.

23.     The University admits that Nancy DuBoise communicated with Ms. Goldstein-Traverno on July 6, 2017 about the accommodation process.  The University denies all

characterizations of that communication and specifically denies the remaining allegations in paragraph 23 of the Compliant.

24.     Admitted.

25.     The University admits that it terminated Ms. Goldstein-Taverno's employment on July 10, 2017, but denies the implication in paragraph 25 of the Complaint that the termination had anything to do with her request for an accommodation.

26.     Denied.

## COUNT I

27.     The University repeats its responses to paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28.     The allegations of paragraph 28 of the Complaint state conclusions of law to which no response is required.  To the extent a response is deemed necessary, the University denies them.

29.     Denied.  The University specifically denies that Ms. Goldstein-Taverno was a qualified individual with a disability under the ADA.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     The University is without knowledge, information or belief as to the allegations contained in paragraph 41 of the Complaint.  Therefore, the University denies them.  The University specifically denies that it treated Ms. Goldstein-Taverno improperly or unlawfully or that any damages suffered by Ms. Goldstein-Taverno were the result of the University's actions and not her own conduct.

42.     Denied.

43.     Denied.

44.     The University denies all allegations in paragraph 44 of the Complaint, including the implication within it that Ms. Goldstein-Taverno was subject to harassment or a hostile work environment.

45.     The University denies all allegations in paragraph 45 of the Complaint, including the implication within it that Ms. Goldstein-Taverno was subject to harassment or a hostile work environment.

46.     The University denies all allegations in paragraph 46 of the Complaint, including the implication within it that Ms. Goldstein-Taverno was subject to harassment or a hostile work environment.

47.     Denied.

48.     Denied.

49.     The University denies all allegations in paragraph 49 of the Complaint, including the implication that Ms. Goldstein-Taverno's performance reviews were inaccurate.

50.     Denied.

51.     Denied.

52.     Denied.  The University specifically denies the implication in paragraph 52 that Ms. Goldstein-Taverno was a qualified individual with a disability under the ADA.

53.     Denied.

## COUNT II

54.     The University repeats its responses to paragraphs 1 through 53 of the Complaint as if set forth fully herein.

55.     Denied.

56.     Denied.

## COUNT III

57.     The University repeats its responses to paragraphs 1 through 56 of the Complaint as if set forth fully herein.

58.     Denied.

59.     The allegations in paragraph 59 of the Complaint state conclusions of law to which no response is required.  To the extent that a response is deemed required, the University denies these allegations.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

**COUNT IV**

65.     The University repeats its responses to paragraphs 1 through 65 of the Complaint as if set forth fully herein.

66.     Denied.

67.     Denied.

68.     The allegations of paragraph 68 are conclusions of law to which no response is required.  To the extent a response is deemed required, the University denies these allegations.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

**COUNT V**

73.     The University repeats its responses to paragraphs 1 through 72 of the Complaint as if set forth fully herein.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

**COUNT VI**

80.     The University repeats its responses to paragraphs 1 through 79 of the Complaint as if set forth fully herein.

81.     Denied.

82.     Denied.

83.     The allegations of paragraph 83 are conclusions of law to which no response is required.  To the extent a response is deemed required, the University denies these allegations.

84.     Denied.

85.     Denied.

86.     Denied.

## COUNT VII

87.     The University repeats its responses to paragraphs 1 through 86 of the Complaint as if set forth fully herein.

88.     Denied.

89.     Denied.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, because she has already been paid and/or received all wages due to her under federal and state law.

3.     Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust her administrative remedies.

4.     Defendant's actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory reasons.

5.     Plaintiff's claims are barred to the extent that she is not a qualified individual with a disability under federal or state law.

6.     Defendant at all times acted reasonably and in good faith.

7.      Plaintiff's claims are barred, in whole or in part, because the University exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by the University or to avoid harm otherwise.

8.      Plaintiff's claims for damages may be barred, in whole or in part, to the extent that she failed to reasonably mitigate her damages.

9.      Plaintiff is not entitled to liquidated damages under or pursuant to the WPCL because there was a good faith contest or dispute accounting for the nonpayment of wages purportedly owed to Plaintiff, none being admitted by way of assertion of this affirmative defense, and any undisputed wages owed to Plaintiff were paid in a timely manner.

10.      Plaintiff's claims are barred to the extent that they performed compensable work activities that were not known to the University and could not reasonably have been known by the University.

11.      Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the FLSA and/or PMWA.

12.      Plaintiff's claims are barred because the University had reasonable grounds for believing that any alleged acts and omissions were not violations of the FLSA, PMWA, or WPCL.

WHEREFORE, defendant respectfully requests that this Court deny all relief sought by Plaintiff and dismiss her Complaint with prejudice.

*/s/ Sarah Bryan Fask*
Kristine Grady Derewicz, Esq.
Sarah Bryan Fask, Esq.
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
(267) 402-3000 (t)
(267) 402-3131 (f)
sfask@littler.com

Attorneys for Defendant
Dated: August 20, 2018             St. Joseph's University

<u>**CERTIFICATE OF SERVICE**</u>

I, Sarah Bryan Fask, hereby certify that on this 20th day of August, 2018, the foregoing Answer to Complaint and Affirmative Defense was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ *Sarah Bryan Fask*
Sarah Bryan Fask

Dated: August 20, 2018